IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL D. DAGLEY *and* JARED DAGLEY, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-12-1080 |
| JPMORGAN CHASE BANK, NA, | § § § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss Plaintiff's Complaint, or Alternatively Motion for a More Definite Statement (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part and denied in part.

## I. BACKGROUND

This case involves a mortgage payment dispute between Plaintiffs April D. Dagley and Jared Dagley and Defendant JPMorgan Chase Bank, NA ("JPMC"). Plaintiffs' Humble, Texas home was damaged during Hurricane Ike in September of 2008, necessitating the relocation of Plaintiffs' family while repairs were being made. During the relocation, Plaintiffs claim that April Dagley contacted JPMC, which holds the mortgage on the home, to request a temporary deferral of mortgage

payments. According to Plaintiffs, JPMC instructed April Dagley that her request for payment deferral would be honored and that she should call back in December of 2008 to make arrangements to catch up on the mortgage.

Plaintiffs claim that from December of 2008 through December of 2011, they communicated with JPMC multiple times regarding the possibility of payment deferral, loan modification, and temporary payments. Plaintiffs complain that after years of negotiations, JPMC did not send loan modification paperwork to Plaintiffs until December of 2011. According to Plaintiffs, interest and other charges on the mortgage have increased its balance by nearly one third. Plaintiffs argue that JPMC has demanded acceleration of payments that will ensure default, that they have lost all equity in their home, that JPMC has been reporting payments as delinquent to credit agencies, and that as a result, Ms. Dagley's credit score has fallen more than 200 points.

On March 2, 2012, Plaintiffs commenced the present suit in the 269th Judicial District Court of Harris County, Texas. They assert six claims: (1) Unfair Debt-Collection Practices;[1] (2) Negligent Misrepresentation; (3) Fraud and Fraudulent Inducement; (4) Breach of Contract; (5) Defamation; and (6) Intentional Infliction of

---

[1] Plaintiffs assert a claim for unfair debt-collection practices that contains state-law elements under the Texas Finance Code and federal-law elements under the Federal Fair Debt Collection Practices Act.

2

Emotional Distress. JPMC removed the case to this Court on the bases of both diversity and federal question jurisdiction and now moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.*

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

Additionally, "in considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Generally, the court may not look beyond the four corners of the plaintiff's pleadings." *Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim." *Id.* at 498–99.

### III. LAW & ANALYSIS

*A.    Federal Fair Debt Collection Practices Act*

As part of their claim for unfair debt-collection practices, Plaintiffs claim that JPMC's actions have violated provisions of the Federal Fair Debt Collection Practices Act ("FDCPA"). In its motion to dismiss, JPMC argues that Plaintiffs' FDCPA claim

should be dismissed because the FDCPA's provisions do not apply to a lender collecting its own debt, such as JPMC.

The FDCPA proscribes debt collectors from using "any false, deceptive, or misleading representation or means" or "unfair or unconscionable means" when collecting any debt. 15 U.S.C. § 1692e–1692f. As such, the FDCPA generally applies only to debt collectors. *Rodriguez v. Fulton Friedman & Gullace, LLP*, No. H-11-4592, 2012 WL 3756589, at *4 (S.D. Tex. Aug. 28, 2012) (Ellison, J.). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Unlike the Texas Debt Collection Act ("TDCA"), which "is much broader than the FDCPA," and which has a "definition of 'debt collectors' [that] is also intended to encompass creditors collecting their own debts," mortgage lenders are not generally considered debt collectors under the FDCPA.[2] *Gatling v.*

---

[2] "The Act specifically provides, however, that 'debt collector' does include any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (citing 15 U.S.C. § 1692a(6)). There is no allegation in the instant case that JPMC acted in such a way.

5

*CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *9 (S.D. Tex. Aug. 28, 2012) (Rosenthal, J.); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) ("The term ['debt collector'] does not ordinarily include creditors who, directly or indirectly, try to collect debts owed them.").

JPMC is the Plaintiffs' mortgage lender, as it holds the mortgage to the Plaintiffs' home. Plaintiffs complain of JPMC's actions related to the alleged payment deferral and loan modification communications between December of 2008 and December of 2011. Because Plaintiffs' FDCPA claim relies on allegations levied against JPMC as a mortgage lender attempting to collect a debt owed to it, it is clear that JPMC is not a debt collector under the FDCPA and that, as such, Plaintiffs' FDCPA claim is incurable.[3] Accordingly, JPMC's motion to dismiss must be granted with respect to Plaintiffs' FDCPA claim.[4]

B.   *Plaintiffs' Remaining Claims*

Having considered the motions, submissions, and applicable law, the Court determines that Plaintiffs' Original Petition contains pleading deficiencies that

---

[3] "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[4] Plaintiffs' state-law TDCA claim survives JPMC's motion to dismiss.

Plaintiffs must cure in an amended complaint. Accordingly, the Court determines that JPMC's motion for a more definite statement should be granted as to Plaintiffs' remaining, non-FDCPA claims. The Court further determines that JPMC's motion to dismiss should be denied as to Plaintiffs' remaining, non-FDCPA claims.

## IV. CONCLUSION

Based on all of the foregoing, the Court hereby

**ORDERS** that Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss Plaintiff's Complaint, or Alternatively Motion for a More Definite Statement (Document No. 5) is **GRANTED IN PART and DENIED IN PART** without prejudice, as stated herein. The Court further

**ORDERS** that Defendant JPMorgan Chase Bank's Alternative Motion for a More Definite Statement (Document No. 5) is **GRANTED**, as stated herein. The Court further

**ORDERS** that Plaintiffs April D. Dagley and Jared Dagley shall file an amended complaint on or before the close of business on November 2, 2012, that is responsive to the issues raised by Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss Plaintiff's Complaint (Document No. 5), addressed by Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim (Document No. 6), and in accordance with Federal Rules of

Civil Procedure 8 and 9(b).

    SIGNED at Houston, Texas, on this ___19___ day of October, 2012.

                                               DAVID HITTNER
                                        United States District Judge